```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


MICHAEL JOSEPH DAVIS, SR.,        )
          Plaintiff,              )
                                  )
     v.                           )    C.A. No. 09-11453-DPW
                                  )
MIDDLESEX SHERIFF'S OFFICE,       )
          Defendant.              )
```

MEMORANDUM AND ORDER
May 20, 2010

WOODLOCK, D.J.

I.   INTRODUCTION

On August 27, 2009, plaintiff Michael Joseph Davis ("Davis"), then a prisoner at the Billerica House of Correction in Billerica, Massachusetts, filed a Complaint under 42 U.S.C. § 1983 alleging the loss of his personal belongings. In the caption of his case he indicates that the defendant is the Middlesex Sheriff's Department; however, in the body of the Complaint itself, he identifies the defendant as the United States Government. Compl. at ¶ 2.

Specifically, Davis alleges he was arrested by the Newton Police on October 23, 2008. On his person were various items, including clothing (pants, a shirt, jacket, sneakers), a cell-phone, and various items of expensive jewelry (a watch, a gold coin ring, a diamond piece with "21 rocks half white and half gold," bracelets with 20 diamonds, and an 18-inch gold chain). Davis claims that all of these items were given to the Cambridge Jail by Newton Courthouse Officer Mark Hemenway on October 23, 2008. He asserts that he was told by the Billerica Jail that it did not have his property and that retention was the

responsibility of the Cambridge Jail.

Davis values this property at $11,200.00 and demands that the Middlesex County Sheriff's Department pay him to replace this lost property.

Along with the Complaint, Davis filed two Motions for Leave to Proceed *in forma pauperis* (Docket Nos. 2 and 3), which were denied by the Court for failure to submit a certified prison account statement as required by 28 U.S.C. § 1915.  Since then, Davis has made several attempts to comply with the Court's directives regarding the filing fee in connection with this action and an unrelated civil action filed July 15, 2009 and assigned to Senior Judge Harrington.  *See Davis v. Middlesex County Sheriff's Office*, C.A. 09-11209-EFH.  On September 9, 2009, Judge Harrington issued a Memorandum and Order (Docket No. 9) affording Davis additional time to satisfy his filing fee obligations, and directing the Clerk send a copy of the Order to the Treasurer's Office for the Billerica House of Correction.

In response to the Court's Memorandum and Order, the Treasurer's Office submitted Davis's prison account statement, docketed both in C.A. 09-11209-EFH and this action (Docket No. 6).

II. DISCUSSION

   A. The Motion for Leave to Proceed *In Forma Pauperis*

In view of the receipt of a certified prison account statement, and upon review of Davis's financial disclosures, I

2

will ALLOW Davis to proceed *in forma pauperis* based on his prior motions.  However, because he is a prisoner as defined by 28 U.S.C. § 1915(h), Davis is obligated to make payments toward the filing fee pursuant to § 1915(b).

In light of this, it is hereby Ordered that:

1. Plaintiff Michael Joseph Davis, Sr. is assessed an initial partial filing fee of $2.43 pursuant to 28 U.S.C. § 1915(b)(1)(A);[1]

2. The remainder of the fee $347.57 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

Davis has filed other civil actions in this Court.  *See e.g.*, *Davis v. McDonald, et al.,* C.A. 10-10040-RGS (dismissed on Feb. 25, 2010 for failure of Davis to pay the filing fee or seek a waiver of the fee as directed); *Davis v. Newton District Court, et al.*, C.A. 09-11210-RGS (dismissed on Sept. 1, 2009 for failure of Davis to satisfy the filing fee requirements and for failure to state a plausible claim upon which relief may be granted); and *Davis v. Middlesex Sheriff's Department*, C.A. 09-11209-EFH

---

[1] The certified prison account statement does not clearly reflect Davis's prison account balance for the six-month period preceding the filing of the Complaint.  Thus, this assessment is based on a manual calculation of the average monthly deposits over the roughly six-month period preceding the filing of the Complaint (as the greater figure comparing the average deposits to his average balance), assuming Davis's deposits for the months of May and April were zero (when he apparently was not in custody), as reflected in the prison account information submitted.  The assessment is made without prejudice to Davis seeking reconsideration provided he submit an alternative calculation based on credible evidence of his prison account balances for the six-month period preceding the filing of the Complaint, in accordance with 28 U.S.C. § 1915(b).

(dismissed on Apr. 15, 2010 for failure to demonstrate good cause why the action should not be dismissed and for the various legal impediments to Davis's claims).[2]  In light of this, the assessment of Davis's filing fee obligations in this action is made apart from any other assessments that have been or will be made in other civil actions filed by Davis.  For purposes of clarification for crediting any funds received from Davis, and to facilitate proper record-keeping by the Treasurer's Office at the Billerica House of Correction and by the District Court Clerk's Office Accounting Department, I intend that any funds received from Davis's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915(b).[3]

---

[2] Because mail sent to Davis in other civil cases was returned as undeliverable, Davis's current whereabouts is unknown.  Davis has not filed anything in this action since August 2009, and he has failed to notify this Court of any change in address.  *See* United States District Court for the District of Massachusetts Local Rule 83.5.2(e)(change of address).  This Memorandum and Order is issued based on Davis's prisoner status as of the time of filing the instant lawsuit.

[3] In other words, following the standard practice of this Court, Davis's filing fee obligation in this action shall be collected consecutively to, and not simultaneously with, any prior filing fee obligation imposed by any court.  *See Ruston v. NBC Television*, USCA No. 06-4672-cv (2d Cir. 2009) *citing Whitfield v. Scully*, 241 F.3d 264, 277 (2d Cir. 2001).  *See also Lafauci v. Cunningham*, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the Courts of Appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

B.   <u>Preliminary Screening</u>

Because Davis is a prisoner as defined by 28 U.S.C. § 1915(h), the screening provisions of the Prison Litigation Reform Act ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996) come into play.  The PLRA contains several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  *See* 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  Section 1915A also authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

In connection with this preliminary screening, Davis's *pro*

*se* Complaint is construed generously.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).  The Complaint is also construed in accordance with Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Even under a broad reading, however, the Complaint is substantially deficient and is subject to dismissal for the reasons set forth below.

>    C.   <u>Failure to Comply With Fed. R. Civ. P. 8</u>

Davis's Complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'"  *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)).  *See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev.*, 421 F.3d

1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action . . . ,."  *Educadores Puertorriqueños en Acción v. Herñandez,* 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)).  Additionally, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1) (as amended, effective December 1, 2007).

    Here, Davis's Complaint fails to set forth clearly the party he seeks to hold liable, as he names both the United States and the Middlesex County Sheriff's Office as defendants.  Even assuming that the Middlesex County Sheriff's Office is the intended defendant, Davis fails to set forth the basis for civil rights liability.  Even under a broad reading, his sparse allegations amount to nothing more than a claim that he surrendered his personal property to a Newton courthouse officer and that he does not know what happened to his property since. He does not elaborate on any attempts he has made to discover who supposedly was responsible for retention of his property, and the basis for his conclusion that his property ultimately has been lost or that it was stolen (as opposed to it being retained pending his release from custody).  He fails to set forth the factual basis for a claim that his constitutional due process rights have been violated, as he fails to allege facts to support

a claim that the deprivation was intentional (as opposed to simply negligent).

Notwithstanding that he is proceeding *pro se* and lacks legal skills, the burden is on Davis to set forth his claims in a manner that would permit an adverse party to file a meaningful response.  As the United States Supreme Court has recently stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (May 18, 2009)(detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" quoting *Twombly*, 550 U.S. at 555).  *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009)("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" citing [*Maldonado v. Fontanes*], 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).").  In short, by pleading in the manner he has -- failing to identify clearly the defendant(s) in this action, or the party to whom liability could attach, and failure to state sufficient factual underpinnings supporting a civil rights claim, Davis has failed to meet the pleading requirements for proceeding in this Court, and his claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A.  As pled, this Court cannot permit this action to proceed at this time.

In addition to the general pleading deficiencies under Rule 8, Davis's Complaint suffers from other legal impediments.

   D.   Lack of *Respondeat Superior* Liability

To the extent Davis's Complaint asserts claims against the Middlesex County Sheriff's Office (as the entity liable for the actions of its employees with respect to retention of a prisoner's property), his claims are not cognizable because *respondeat superior* is not a viable theory of liability under 42 U.S.C. § 1983 (the vehicle for asserting constitutional violations by state actors).

"It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005)).  In the civil rights context, "supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization." *Velez-Rivera*, 437 F.3d at 156 (quoting *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)).  *See Pinto v. Nettleship*, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).  *See also Braga v.*

*Hodgson*, --- F.3d ----, 2010 WL 1931108, *2 (1st Cir., May 14, 2010)(citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999 for the proposition that "[i]t is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions."); *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).

Here, Davis has not set forth any factual basis for direct liability of the Middlesex County Sheriff's Office.  Thus, his claims are subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and §1915A.[4]

> E.   Sovereign Immunity of the United States

To the extent that Davis seeks to sue the United States in this action, there are no factual allegations that would lead to a reasonable inference that the United States has any liability for personal property alleged to have been lost by <u>state</u> personnel.  In any event, Davis's claims against the United States are not cognizable, because the United States is entitled to sovereign immunity from suit.

It is well settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in

---

[4]The same analysis is true with respect to the lack of *respondeat superior* liability of the United States in civil rights actions under the federal common-law counterpart of 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

those instances in which it has expressly consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Testan*, 424 U.S. 392 (1976). A waiver of this immunity may never be implied from the factual circumstances of the particular case. Rather, the waiver must be unequivocally expressed in each instance. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538, (1980). The United States has waived its sovereign immunity for certain common law torts under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2671 et seq. ("FTCA"), including a waiver of immunity with respect to negligent or wrongful acts of federal employees.

Here, there are no claims against federal employees, and there is no allegation that Davis complied with the administrative presentment requirements under the FTCA giving this Court jurisdiction over the suit. *See* 28 U.S.C. § 2675(a); *Acosta v. United States Marshals Serv.*, 445 F.3d 509, 514 (1st Cir. 2006) (FTCA requirement of filing of administrative claim is jurisdictional). Moreover, the Supreme Court has stated that the FTCA does not apply to claims for lost property by a law enforcement officer. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008)

Thus, Davis's claims against the United States, to the extent there are any, are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A.

F.  <u>Negligence Claims for Property Loss</u>

To the extent that Davis alleges negligence of some unidentified individual with respect to the apparent loss of his personal property, I lack subject matter jurisdiction over this state law claim. Even if the Middlesex County Sheriff's Department could be held liable under a *respondeat superior* theory in a negligence action, I still lack jurisdiction because there is no basis for me reasonably to infer that diversity of citizenship exists under these circumstances for purposes of invoking 28 U.S.C. § 1332 (diversity jurisdiction).

Moreover, even if Davis were to raise a claim against the Commonwealth of Massachusetts under the Massachusetts Tort Claims Act ("MTCA") for negligence of the Newton Courthouse Officer or some other state employee,[5] (a matter I cannot, even under a broad reading, infer as pled), I lack jurisdiction to consider this state law claim. Not only has Davis failed to allege administrative presentment as required under Mass. Gen. Laws ch. 258, § 4 (a prerequisite to an MTCA suit), but Eleventh Amendment sovereign immunity prevents suit against the Commonwealth of

---

[5] Under the MTCA liability for negligence attaches to the public <u>employer</u>, and not the employees. Mass. Gen. Laws ch. 258, § 2. The MTCA does not apply to intentional acts by law enforcement (which definition includes a court officer (as alleged here)) for intentional acts in losing or destroying a prisoner's property. Mass. Gen. Laws ch. 258, § 10(d); *Vining v. Commonwealth*, 63 Mass. App. Ct. 690, 693-94 (2005).

12

Massachusetts in federal court.[6]  See *Braga*, 2010 WL 1931108 at *2 (under the MTCA a claimant is obligated to first present a negligence claim against a public employer to the executive officer of the public employer).  Absent a *bona fide* federal claim, I would decline to exercise supplemental jurisdiction over any state claim(s) (*e.g.*, negligent tort claim or MTCA claim) raised by Davis.  See 28 U.S.C. § 1367(c); *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 104 (1st Cir. 2004) (citing *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law

---

[6]*Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court."); See *Rivera v. Com. of Mass.*, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998) (citing *Irwin v. Comm'r of Dep't of Youth Servs.*, 338 Mass. 810, 448 N.E.2d 721, 727 (1983) (answering question certified by the United States District Court for the District of Massachusetts, to the effect that jurisdiction conferred on the superior court under the MTCA, Mass. Gen. Laws ch. 258, § 3 is exclusive); *Irwin v. Calhoun*, 522 F. Supp. 576 (D. Mass. 1981) (certifying question).  See generally *Rivera v. Com. of Mass*. 16 F. Supp. 2d 84, 88 (D. Mass. 1998) (discussing federal court jurisdiction over MTCA claims, noting that "apart from declining to waive its Eleventh Amendment immunity, a state has no power to deprive federal courts of diversity or supplemental jurisdiction over state law causes of action"; MTCA claims may be brought against municipalities where the jurisdiction of the superior court is not exclusive); *Hindes v. FDIC*, 137 F.3d 148, 168 n.15 (3d Cir. 1998) ("a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction."); *Hardemon v. City of Boston*, 144 F.3d 24, 28 (1st Cir. 1998).

claims.").

    G.    <u>Failure to Allege Inadequate State Remedies</u>

Davis has not alleged that he has no adequate state remedies to address his request for compensation for his lost property. The Supreme Court has held that negligent deprivations of property do not violate the Due Process Clause if there are adequate post-deprivation remedies available. *Parratt v. Taylor*, 451 U.S. 527, 539 (1981). The same is true with respect to any claims under 42 U.S.C. § 1983 for an intentional deprivation of property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (an official's unauthorized conduct that cannot be foreseen and controlled in advance does not constitute a due process violation "until and unless [the State] refuses to provide a suitable postdeprivation remedy.").

Davis has not alleged that he could not bring a negligence action under the MTCA in state Court against the Commonwealth of Massachusetts or that there are no other state remedies available.[7] *See Riordan v. Martin*, 51 F.3d 264, 1995 WL 146215

---

[7]*See, e.g., Smith v. Superintendent*, 73 Mass. App. Ct. 1104 (Mass. App. Ct. 2008); 2008 WL 4790651, *2 (Mass. App. Ct) (unpublished decision). In *Smith*, the appellate court rejected a claim by a state prisoner alleging that his property was lost or destroyed by the prison property officer. The property at issue was obtained from the plaintiff in the course of his transfer from his orientation at the Old Colony Correctional Center to the Old Colony segregation unit, and from there to MCI Cedar Junction. The parties reached a settlement with respect to some personal items lost in transit, and the dispute concerned the remainder of property that was destroyed as contraband after notice to plaintiff that contraband items were subject to disposal. The court held although Mass. Gen. Laws ch. 127, § 3

at *1 (1st Cir. 1995)(unpublished disposition)("Since inadequacy of the state's remedy is a material element of the § 1983 claim, plaintiff had the burden of setting forth supporting factual allegations, either direct or inferential, to sustain an actionable legal theory." citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

III. <u>Order to Show Cause or File an Amended Complaint</u>

In light of the above, this action will be dismissed within 42 days of the date of this Memorandum and Order unless Davis files an Amended Complaint curing the pleading deficiencies and setting forth cognizable claims in accordance with Fed. R. Civ. P. 8 (expressly setting forth the name of each defendant, the separate cause of action/legal theory asserted against each

---

provides that prison officials are responsible to the Commonwealth of Massachusetts for prisoners' property, this provision did not create a private cause of action. The court suggested, however, that had the prisoner's complaint been timely filed, he could have sought judicial review of the denial of grievances under the Massachusetts Administrative Procedures Act, Mass. Gen. Laws ch. 30A, stating:

> Regarding review of the grievance denials under c. 30A, there is no provision for such review in the applicable regulations. Rather, <u>an action in the nature of certiorari under G.L. c. 249, § 4, would appear to be the only vehicle for obtaining the desired review</u>. But § 4 provides that the action must be commenced within sixty days of the action complained of (here to mean the final denial on June 5, 2006, of the plaintiff's institutional grievance). Otherwise, the claim must be dismissed. *See Pidge v. Superintendent, Mass. Correctional Inst.*, 32 Mass. App. Ct. 14, 17-18 (1992).

*Smith*, 73 Mass. App. Ct. 1104, 2008 WL 4790651, *2.

defendant, and a concise statement of the underlying factual basis supporting each cause of action). Alternatively, Davis may submit a "Show Cause Response" demonstrating good cause why this action should not be dismissed in its present form. Any Show Cause Response shall not reiterate the claims asserted in the Complaint, but should address the specific legal impediments to his claims as discussed herein, and any Response is limited to five (5) double-spaced pages.

Failure to comply with the directives contained in this Memorandum and Order may result in a dismissal of this action. No summonses shall issue pending further Order of the Court.

IV. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b); and

2.  Within 42 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause in writing why this action should not be dismissed in its entirety, or he shall file an Amended Complaint curing the pleading deficiencies.


SO ORDERED.

/s/ Douglas P. Woodlock
UNITED STATES DISTRICT JUDGE