UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

MICHAEL JOSEPH DAVIS, SR.,     )
        Plaintiff,             )
                               )
        v.                     )    C.A. No. 09-11453-DPW
                               )
MIDDLESEX SHERIFF'S OFFICE,    )
        Defendant.             )

                      MEMORANDUM AND ORDER
                         June 14, 2010
WOODLOCK, D.J.

I.   INTRODUCTION

    On August 27, 2009, plaintiff Michael Joseph Davis, Sr. ("Davis"), then a prisoner at the Billerica House of Correction in Billerica, Massachusetts, filed a Complaint under 42 U.S.C. § 1983 alleging the loss of his personal belongings.  On May 20, 2010, a Memorandum and Order (Docket No. 7) issued directing Davis to demonstrate good cause in writing why this action should not be dismissed for the reasons stated therein, or, alternatively, to file an Amended Complaint curing the pleading deficiencies.  On June 7, 2010 the mail sent to Davis from this Court was returned as undeliverable.

    On June 11, 2010, this Court received a letter from Davis (not specifically directed to this civil action) advising that he was transferred from Plymouth County to the Bristol County Sheriff's Department in North Dartmouth, Massachusetts.  In his letter, Davis requests the Court appoint him counsel in connection with this action and several other civil actions.  He also seeks redress against the Middlesex County Sheriff's Department for failure to forward his legal mail and failing to notify the Court of Davis's change in address in August 2009.

    Finally, Davis requests that the Clerk's Office send him

notice for any other mail sent to him, at his family's address in Hyde Park, Massachusetts.

II. DISCUSSION

In the prior Memorandum and Order, I noted that because mail sent to Davis in other civil cases was returned as undeliverable, his current whereabouts was unknown.  Until June 11, 2010, Davis had not filed anything in this action since August 2009, and he has failed to notify this Court of any change in address in any of his other civil actions.

This Court's Local Rules requires a litigant to advise the Court of any change of address.[1]  Although Davis attempts to place the responsibility of notification of his transfer to the Bristol County Sheriff's Department on the Middlesex County Sheriff's Office, it is the responsibility of the <u>litigant</u>, and not the responsibility of his custodian or former custodian, to keep this Court informed of a current mailing address.  Accordingly, Davis's request for this Court to take action against the Middlesex County Sheriff's Office in this regard is <u>DENIED</u>.

Further, to the extent Davis complains about his legal mail,

---

[1] United States District Court for the District of Massachusetts Local Rule 83.5.2(e)(providing: "Change of Address. Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number.  Notice under this rule shall be filed in every case.  Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery.").

2

he has not presented such claims to this Court in a proper fashion, and I do not consider the allegations in his letter to be sufficient grounds to warrant any injunctive or other relief. Should Davis seek to present legal claims for relief with respect to his mail handling, he must file a separate lawsuit setting forth plausible claims upon which relief may be granted in accordance with Rule 8 of the Federal Rules of Civil Procedure. Additionally, I note that under the Prison Litigation Reform Act, Davis is required to "properly exhaust" his administrative prison remedies with respect to mail handling claims prior to bringing suit. *See* 42 U.S.C. § 1997e; *See Jones v. Bock*, 549 U.S. 199 (2007). Further, Davis is advised that any new civil action must be accompanied by the $350.00 filing fee because he no longer qualifies for *in forma pauperis* status because he is now a three strikes litigant pursuant to 28 U.S.C. § 1915(g) since he has had three or more cases dismissed for failure to state a claim upon which relief may be granted.[2]  *See Davis v. Middlesex County*

---

[2] A prisoner may be denied *in forma pauperis* status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g)(the so-called "three-strikes" rule).  Where a prisoner has "three-strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury."  *Id.*  A review of Davis's three dismissed lawsuits indicates that the Court dismissed on the basis of the lack of merit of Davis's claims (as well as for failure to comply with Court directives).  Should Davis file a new lawsuit and contend he is not a three-strikes litigant while seeking *in forma pauperis* status, he must demonstrate good cause showing why he is not a three-strikes litigant given the state of the record in his cases.

*Sheriff's Office*, C.A. 09-11209-EFH (case dismissed April 15, 2010 upon Memorandum and Order (Docket No. 13)); *Davis v. Newton District Court*, C.A. 09-11210-RGS (case dismissed September 1, 2009 upon Memorandum and Order (Docket No. 12)); and *Davis v. Essex County Correctional Facility, et al.*, C.A. 09-12189-JLT (dismissed April 26, 2010 upon Memorandum and Order (Docket No. 6)).

Next, this Court will GRANT Davis's request for copies of Court Orders in his several civil actions.  Accordingly, the Clerk is directed to send Davis copies of the docket sheets in each of the cases listed above, as well as copies of the Orders dismissing each case, to Michael Joseph Davis, Sr. c/o 6 Massasoit Street, Hyde Park, MA 02136.  Unless Davis files a further change of mailing address, all further mailings from the Court shall be sent to Michael Joseph Davis, Sr. (ID # 110635), Bristol County Sheriff's Dept., 400 Faunce Corner Road, North Dartmouth, MA 02747.

Finally, with respect to Davis's request for appointment of counsel in each of his several cases, his request is DENIED. First, the request is not properly before me with respect to any closed civil action.  Second, with respect to the instant case, I can find no good cause has been shown for the appointment of counsel.  Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).[3]  However, a civil plaintiff lacks a

---

[3]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff.

4

constitutional right to free counsel.  *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *Id.*  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  *Id.* at 24.

As outlined in the prior Memorandum and Order, there are several legal impediments to Davis's claims, and at this juncture I cannot find that Davis has set forth plausible claims upon which relief may be granted or that this case presents exceptional circumstances warranting the expenditure of scarce *pro bono* resources.

In light of the above, should Davis wish to proceed with this civil action, he must, within 30 days of the date of this Memorandum and Order, demonstrate good cause in writing why this action should not be dismissed for the reasons set forth in the Memorandum and Order (Docket No. 7).

Failure to comply with this directive will result in a dismissal of this action on the merits.

---

Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *cf*. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's request for action against the Middlesex County Sheriff's Office with respect to notifying this Court as to his change of address is DENIED;

2. Plaintiff's request for action against the Middlesex County Sheriff's Office with respect to his legal mail is DENIED;

3. Should Plaintiff seek to assert claims with respect to his legal mail, he must file a separate lawsuit after exhaustion of administrative remedies under 42 U.S.C. § 1997e, and must pay the $350.00 filing fee for any new civil action, or demonstrate good cause why he should not be deemed a three strikes litigant under 28 U.S.C. § 1915(g) with respect to any *in forma pauperis* request;

4. The Clerk shall send copies of the docket sheets and Orders of this Court made in plaintiff's civil actions, to the plaintiff at his family's address in Hyde Park, MA;

5. All further mailings shall be sent to plaintiff at the Bristol County Sheriff's Dept. unless plaintiff advises of a change of mailing address;

6. Plaintiff's request for appointment of *pro bono* counsel is DENIED; and

7. Within 30 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause why this action should not be dismissed for the reasons set forth in the Memorandum and Order (Docket No. 7), failing which, this action shall be dismissed on the merits.

SO ORDERED.

/s/ Douglas P. Woodlock
UNITED STATES DISTRICT JUDGE